IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 14, 2005 Session

## NANCY CRITTENDEN v. JERRY GREEN

**A Direct Appeal from the Chancery Court for Hamilton County**
**No. 03-0767     The Honorable W. Frank Brown, III, Chancellor**

---

**No. E2004-02270-COA-R3-CV - FILED JULY 8, 2005**

---

This is a boundary line case. Appellant appeals from the judgment of the Hamilton County Chancery Court establishing the boundary line as shown by the survey of Appellee's expert. Finding that the survey adopted by the trial court is not in line with Appellee's deed and/or Appellant's deed conveying an additional triangular piece of land, we affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part, and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Robert S. Burns of Sewanee, Tennessee for Appellant, Jerry Green

Nancy Crittenden, Pro Se

### OPINION

This case arises from a boundary line dispute between two adjacent neighbors Jerry Green ("Defendant," or "Appellant") and Nancy Crittenden ("Plaintiff," or "Appellee"). There are no natural boundaries or landmarks between the parties' properties. On April 25, 2003, Ms. Crittendon filed a Civil Warrant in the General Sessions Court of Hamilton County against Mr. Green for allegedly mowing down monkey grass that she had planted along the assumed property line. On May 2, 2003, Mr. Green filed a Counter-Claim against Ms. Crittendon for "[t]ree limbs...encroaching onto [his] roof," and because Ms. Crittendon had allegedly "dug a ditch from her guttering [sic] / down spout so that the water runs from her property onto my property in two places."

By Order of July 3, 2003, this matter was transferred to the Chancery Court of Hamilton County after a determination that the matter involved a dispute over boundary lines between the parties' respective properties. Following a non-jury trial, on June 2, 2004, the trial court issued its

"Memorandum Opinion and Order" (the "First Order"), which reads, in relevant part, as follows:

## III. FACTUAL DISCUSSION

\*                                  \*                                  \*

The Crittenden land was surveyed on May 3, 1990 by Paul Glenn Jones, a land surveyor. Mr. Jones performed a boundary survey. Mr. Jones' survey was introduced as Trial Exhibit 1. He located the front corner on the common boundary line by making certain that Mr. [Green] had 94 front feet as called for in his deed. The location of the new pin meant the Crittendens lost between 2-3 inches from their front property line.

Mr. Green's land was surveyed on May 8, 2003 by Jim Copp. He used the same front corner location, as did Mr. Jones. However, Mr. Copp used a different common corner location in the rear of their lots. There is, therefore, some difference in the location of the boundary line. Mr. Copp's survey was done as preparation for Mr. Green's purchase of the triangular piece of land from Pravin N. Patel and Jyotip Patel, Trustees, on June 30, 2003. Trial Exhibit 8 is a copy of the deed from the Patels to Mr. Green.

## IV. LEGAL ANALYSIS

\*                                  \*                                  \*

**B. The Property Line.**

The court is called upon to determine the common boundary between these parties. The court was presented with two surveys, plus the original subdivision plat.

Mr. Jones, the expert surveyor for Mrs. Crittenden, testified that he chose the corner boundary for the front lines of the Green/Crittenden corner by giving Mr. Green 94 feet across his front yard as called for in his deed. The placement for the iron pin meant that Mrs. Crittenden's front yard line decreased from 79.57 on the plat to 79.3 by measurement. Mr. Jones said that the [Green] deed was more senior and also contained a metes and bounds legal description. It appears that Mr. Jones also located the rear corner by also measuring 94 feet along the back line for Mr. Green's property. Mr. Jones had to place new iron pins (IPN) in both corners.

Mr. Jones' survey (Trial Exhibit 1) shows two new iron pins placed in the ground between the two corners on both sides of the

-2-

Crittenden lot. Mr. Crittenden testified that he placed pvc pipe and other concrete around these iron pins to identify the property line.

Mr. Copp said he surveyed the Crittenden lot in accordance with the Plat of record. In his survey one of the Green sidelines is 150.03 feet and the line common to Mrs. Crittenden is 148.97 feet. According to the [Green] deed, these lines are supposed to be 150 feet. Mr. Copp's backline for the Crittenden's is per the plat while his measurement for the front line is not shown.

Mr. Copp said it best. When you boil it down, Mrs. Crittenden lost a very little front footage by the Jones survey and picked up some extra land along the rear line. It is a "wash". The Copp common line was measured on S 79° 48' 30" East and Jones measured on S 79° 45' East. The Plat of record says 79° 45' East.

Because the Jones' survey matches the direction (degrees and feet) for the plat and his boundary line was reinforced by two markers along the line, the court will accept the Jones' survey as the correct line that divides the Crittenden property from the Green property....

\*          \*          \*

The foregoing constitutes the court's findings of fact and conclusions of law. Based upon such, it is hereby **ORDERED, ADJUDGED and DECREED**:

1. That Mrs. Crittenden's claim to own one-half (½) of the triangular area by adverse possession is denied;

2. That the common boundary line between the Crittenden and Green lots is the line shown on Trial Exhibit 1, the survey line as determined by Paul Glenn Jones;

3. That Mrs. Crittenden's claim for $720.29 damages to her monkey grass is denied; however, she is awarded a judgment against Jerry Green for $50.00 as nominal damages for which execution may enter;

4. That Jerry Green's monetary damage claim against Nancy Crittenden for $5,000.00 more or less, is denied except that Nancy Crittenden is mandatorily enjoined to place a french drain or plastic piping on her down spouts and place such on her property in order not to channel water onto Mr. Green's property;

5. That Jerry Green, his agents and representatives are enjoined from cutting or damaging in any way the monkey grass growing on Mrs. Crittenden's side of the common border as determined by this court or an appellate court;

6. That Nancy Crittenden's claim of champerty is denied;

On June 17, 2004, Mr. Green filed a "Motion to Alter or Amend Judgment," which reads, in pertinent part, as follows:

> Comes the Defendant, Jerry Green...and moves this Honorable Court for an order amending the Judgment of this Court entered on June 2, 2004, to clarify the boundary line in dispute, and order that a new survey be performed by both Mr. Jones and Mr. Copp, the surveyor experts who testified at the trial in this matter....

In response to the "Motion to Alter or Amend Judgment," the trial court issued a "Memorandum Opinion and Order" (the "Second Order") on August 17, 2004. The Second Order, reads, in relevant part, as follows:

> Mr. Green's Motion requested that the court order both parties' surveyors to resurvey the area in order that the parties could be certain of the location of the boundary line. At the hearing on August 2, 2004 counsel for Mr. Green stated the court erred on page 8 by saying that Mr. Jones' survey followed the original plat when it was actually Mr. Copp's survey (for Mr. Green) that followed the original plat. Counsel also argued the merits of the written motion that additional survey work should be required.
>
> Ms. Crittenden appeared and argued that the markers from her initial survey by Mr. Jones were still present. Therefore, she saw no need for any new survey. She wanted the opinion affirmed and the case ended....

## II. DISCUSSION

> ...The Court has re-read page 8 of the Memorandum Opinion and Order and has not found the statement that Mr. Jones' survey was selected because his survey matched the plat. Mr. Copp's survey is probably closer to the plat than is Mr. Jones' survey. However, there [are] also considerations of the deed reference, the length of time the Jones' boundary markers have been in the ground, etc. that persuade the court to adopt Mr. Jones' survey. Mr. Copp's survey, Trial Exhibit 2, does not have the lengths of all of the property lines of the two litigants. Mr. Green's deed, Trial Exhibit 7, is based upon metes and bounds and does not refer to the subdivision plat, Trial Exhibit 10.
>
> It is unfortunate that surveying work is not rocket science. From the testimony of the surveyors, each party gained and lost a little land on the front or back. It is only the parties' (one or both) personalities that make this such a big deal. The court, for the reasons

expressed in the Memorandum Opinion and here, confirms the initial decision and order as to the common boundary line.

Mr. Green appeals from both the First Order and the Second Order and raises two issues for review as stated in his brief:

> I.  Whether the Trial Court erred in disregarding monumented subdivision plat boundary lines in favor of a survey line using courses and distances which would change the boundaries, lot dimensions and configuration of two lots from those of the recorded, monumented subdivision plates.

> II.  Whether the Trial Court erred in applying adverse possession theory in determining the mutual side yard boundary in disregard of the monumented subdivision plats and Appellant's deed.[1]

This is a case dealing in minutia (i.e. 3-4 inches of land). The only issue before this Court is the question of where the common boundary line between these parties' respective properties is located.  However, since no issue has been raised concerning the trial court's ruling on damages, the outcome of this question will render no real gain for either party.  That being said, we embark on our discussion by first noting that, since this case was tried by a court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court.  Unless the evidence preponderates against the findings, we must affirm, absent error of law.  *See* Tenn. R. App. P. 13(d).

According to the proof, Mr. Green acquired Lot 4 of Hamill Subdivision (the "Green Property") by "Warranty Deed" recorded at Book 3821 Page 808 in the Register's Office of Hamilton County and dated February 27, 1991 (the "Green Deed").[2]  The Green Deed describes the conveyance to Mr. Green in metes and bounds as follows:

> Beginning at a point in the Western line of Northern Hills Road at the Southeast corner of Lot Forty-four (44), Northern Hills Subdivision; thence North 82 degrees West along the Southern line of Lot 44 and 57 of said Subdivision, 150 feet to a point; thence South 14 degrees 58 minutes East 94 feet to a point; thence South 82 degrees East 150 feet to a point in the Western line of Northern Hills Road; thence Northwardly along the Western line of said road, 94 feet to the point of beginning.

---

[1] Ms. Crittenden filed no responsive brief in this appeal.

[2] The Green Deed was entered into the record as Trial Exhibit 7.

This metes and bounds description, however, does not comply with the plat map of Hamill Subdivision recorded at Plat Book 33 Page 74 in the Register's Office of Hamilton County and admitted into evidence as Trial Exhibit 10 (the "Plat Map"). Specifically, the Plat Map lists the length of the common boundary line between the Green Property and Lot 2 of Hamill Subdivision (the "Crittenden Property") as 148.92 feet while the Green Deed lists that boundary at 150 feet. Also, the Green Deed lists the Southern boundary of the Green Property at 94 feet while the plat map shows the Southern boundary to be 94.05 feet.

Ms. Crittenden acquired the Crittenden Property by "Warranty Deed" recorded at Book 5987 Page 367 in the Register's Office of Hamilton County and dated September 12, 2001 (the "Crittenden Deed"). The Crittenden Deed makes the following conveyance to Ms. Crittenden:

> Lot Two (2), Hamill Subdivision, as shown by plat of record in Plat Book 33, page 74, in the Register's Office of Hamilton County, Tennessee.

Turning to the Plat Map as reference in the Crittenden Deed, Ms. Crittenden's Southern boundary is set at 96.9 feet while the common boundary between the Crittenden Property and the Green Property is set at 148.92 feet.

On June 30, 2003, after this suit was filed, Mr. Green purportedly purchased a triangular section of property along the Southern boundary of the Green Property and extending along the Southern boundary of the Crittenden Property. This conveyance, from Ashokkumar N. Patel and Nalinaben A. Patel et al., was made by "Warranty Deed" recorded at Book 6737 Page 641 in the Register's Office of Hamilton County (the "Patel Deed"). The Patel Deed reads, in relevant part, as follows:

> Lot 4 (revised) of the Hamill Subdivision Lots 1 and 4 on Hwy. 153 (a Subdivision of Lots 1 and 4 of Hamill Subdivision on Hwy. 153, of record in Plat Book 33, Page 74, in the Register's Office of Hamilton County, Tennessee), as shown on revised plat of Cobb Engineering Group, drawing number 02-394B dated 5-8-03, of record in Plat Book P3 71, , Page 195, and at Instrument Number 2003052800301, both in the Register's office of Hamilton County, Tennessee; and being more particularly described as follows: Commencing at a point in the west right-of-way of Northern Hills Road and at the southeast corner of Lott 44, Northern Hills Subdivision (Plat Book 21, Page 51); thence North 79°49'41" West, a distance of 150.03 feet to an iron pin, said point being the northwest corner of said Lot 4 (revised); thence South 07°09'22" West, a distance of 179.82 feet to a point, said point being the southwest corner of said Lot 4 (revised); thence North 26°31'00" East, a distance of 96.90 feet to a point; thence South 79°45'00" East, a distance of 148.92 feet to a point, said point being the southeast

corner of said Lot 4 (revised); thence North 12°48'00" West, a distance of 94.00 feet to the point of beginning; said Lot 4 (revised) containing 0.36 acre, more or less. [This conveyance includes the triangular portion of land from the said northwest corner of the existing Green property thence South 07°09'22" West, 179.82 feet; thence North 26°31'00" East, 96.90 feet; thence North 12°48'51" West (calculated), 94.06 feet (said call being abandoned in the revised plat); and the said triangular portion containing 0.0663 acre, more or less, which has been added to the preexisting Lot 4 to form the said Lot 4 (revised)].[3]

From all of the above, it appears to this Court that the original Green Deed was erroneous in its metes and bounds description of the Green Property. Nonetheless, while the Green Deed does not agree with the Plat Map, it is clear that the Green Property does not encroach upon the Crittenden Property since the Crittenden Deed only conveys what is represented on the Plat Map.

Consequently, the boundary line between these parties' respective properties should be established as the line shown on the Plat Map because, regardless of what the Green Deed or the Jones survey reflects, Ms. Crittenden, by virtue of the Crittenden Deed, is entitled to no more or no less property than that reflected in the Plat Map.

The Jones survey, Trial Exhibit 1, follows the metes and bounds description of the Green Deed and deviates from the Plat Map by making the common boundary between these parties 150 feet as opposed to the 148.92 feet reflected in the Plat Map and by making the Southern boundary of the Crittenden Property 96.7 feet as opposed to the 96.9 feet conveyed in the Plat Map. On the other hand, the Copp survey, Trial Exhibit 2, more accurately reflects the apportionment of land according to the Plat Map. Since the Copp survey complies with the Plat Map and with the metes and bounds description contained in the Patel Deed, it gives Ms. Crittenden exactly what she is due under the Crittenden Deed and gives Mr. Green exactly what he assumedly bargained for under the Patel Deed.

For the foregoing reasons, we reverse the Orders of the trial court to the extent that they adopt the Jones survey and to the extent that they set the Crittenden Property boundaries in any dimensions other than those reflected in the Plat Map (which is the property description used in the Crittenden Deed). The Orders of the trial court are affirmed in all other respects, and the case is remanded for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed one-half to appellant, Jerry Green, and his surety, and one-half to Appellee, Nancy Crittenden.

[3] Although the Patel Deed purports to transfer the disputed triangular piece of land from Lot 1 of Hamill Subdivision to Mr. Green, as described by these metes and bounds, the Patel Deed also includes the Green Property. Consequently, this Court is not sure of the relevance of the Patel Deed.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.